IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES MARTIN, *et al.*, )<br>　　Plaintiffs, ) | Civil Case No. 7:22-cv-00075 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HEATHER STOWE, *et al.*, ) | United States District Judge |
| 　　Defendants. ) | |

**MEMORANDUM OPINION**

Christopher James Martin, a Virginia inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983, which he purports to bring on behalf of himself and his minor child ("the Child").[1] The case is before the court for review pursuant to 28 U.S.C. § 1915A(a).[2] For the reasons set forth herein, the court concludes that the federal claims in the complaint are subject to dismissal, and it will decline to exercise jurisdiction over any state-law claims.

I. BACKGROUND

As noted, Martin lists himself and the Child as plaintiffs in the case.[3] The complaint names three defendants: (1) Heather Stowe, identified as the Director of the Department of Social Services in Arlington County, Virginia; (2) Kathleeen Rust Bell, Esq., who served as a

---

[1] Electronic access to Martin's complaint has been limited to case participants only, and his supporting "memorandum" and exhibits have been placed under seal because they include numerous references to the Child's full name, in violation of Federal Rule of Civil Procedure 5.2, as well as significant sensitive information about the Child. Rule 5.2(a)(3) requires that any court submissions referring to a minor must only include the minor's initials. Similarly, General Rule 8 of the Local Rules of this court requires parties to omit, black out, or abbreviate personal data identifiers, including social security numbers, names of minor children, dates of birth, and home addresses.

[2] As discussed herein, § 1915A applies to prisoner lawsuits seeking redress from an employee of a governmental entity. The court does not review the complaint pursuant to 28 U.S.C. § 1915(e), applicable to persons proceeding *in forma pauperis*. Although Martin has applied to proceed *in forma pauperis*, his prison account statements reflect that he has sufficient funds to pay the full filing fee. Accordingly, he is not eligible to proceed *in forma pauperis* and would have to pay the full filing fee before being permitted to proceed, if the case were not being dismissed.

[3] The complaint contains a signature above the Child's name, but it appears to be the same handwriting as Mr. Martin's signature. (Mem. Supp. Compl. 25, Dkt. No. 1-1 at 25.)

guardian ad litem for the Child during custody proceedings in Arlington, Virginia; and (3) Byron Rashard Britt, the Child's stepfather, who was convicted of abusing the Child in 2019, but who, according to Martin, had been abusing the child for years before the Child was removed from Britt's home and criminal charges were brought.

Martin asserts two claims, although it is unclear if he is bringing them only on behalf of the Child or is also bringing one or more of them on his own behalf. First, he alleges that defendants "were deliberately indifferent and negligent toward the health and safety of the child plaintiff in violation of his right to be free of cruel and unusual punishment," in violation of the Eighth and Fourteenth Amendments. (Compl. 2, Dkt. No. 1; *see also generally* Mem. Supp. Compl., Dkt. No. 1-1 (sealed document setting forth additional detail in support of both claims).) Second, he brings a state-law claim of intentional infliction of emotional distress. (Compl. 2.)

Martin alleges that Martin's mother (the Child's grandmother) reported abuse and neglect of the Child by Britt in 2013 to the Department of Social Services of Arlington County. Martin claims that defendants (and particularly defendant Stowe) failed to investigate and conduct a proper investigation and to remove the child from the custody of Britt and his mother, with whom the Child was living at that time. Britt then continued to abuse the Child. Later, but sometime before March 2019, Stowe ordered the expungement of records regarding the 2013 reports of abuse. (*See* Thompson Aff. Mar. 29, 2019, Dkt. No. 1-2, at 3 (stating that records from that time period had been expunged before the date of her affidavit).)

Martin further alleges that Rust Bell, who was appointed as the Child's guardian ad litem at some point in 2017, failed to act in the Child's best interest. In particular, he alleges that Rust Bell failed to respond adequately when Martin reported to her a conversation he had with the Child. Martin reported to Rust Bell that the Child had told him that Britt kept beating him with a

2

belt, hands, and fist.  He also reported to Rust Bell that the Child told him that he did not want to go home and live in his mother's home, but wanted to live with his paternal grandmother.  According to the complaint, Rust Bell failed to report the abuse to the appropriate authorities and was "ineffective" as the Child's guardian ad litem.

The claims against Britt derive from his abuse of the Child, including physical abuse in March 2019 (the conduct leading to his conviction), and the immediate and longer-lasting injuries to the Child resulting from that abuse.  (*See, e.g.*, Dkt. No. 1-2, at 31 (report referring to the Child's neuropsychological evaluation)).

## II.  DISCUSSION

### A.  28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

3

B. **Venue**

As an initial matter, it appears that venue is likely improper here. Because 42 U.S.C. § 1983 contains no venue statute of its own, venue in such cases is governed by 28 U.S.C. § 1391(b). That provision allows a civil action to be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, although Martin has not specifically pled the residency of Rust Bell or Stowe, based on the factual allegations it appears that they both worked in (and Britt resided in) Arlington County or the City of Alexandria at the time of the alleged events, both of which are locations within the Eastern District of Virginia. 28 U.S.C. § 127(a). Martin certainly does not include allegations to show that any of them are residents of any county or city within the Western District of Virginia. Moreover, all of the events appear to have occurred in those locations, and not here, so § 1391(b)(2) does not make venue proper in this court, despite Martin's assertion in the complaint. (Mem. Supp. Compl., Dkt. No. 1-1, at 2.) And Martin's current incarceration in Augusta County, which is within this court's boundaries, is insufficient to establish venue under any of the subdivisions of § 1391(b). *See generally* 28 U.S.C. § 1391(b).

The court recognizes, however, that at least some federal circuits have held that courts

may not raise the issue of improper venue *sua sponte*. *E.g.*, *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) ("A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances."); *Buchanan v. Manley*, 145 F.3d 386, 387–89 (D.C. Cir. 1998) (holding same, but nonetheless affirming the sua sponte dismissal on appeal because plaintiff failed to establish on appeal that venue was proper). Others, and some lower courts within the Fourth Circuit, have reached the opposite conclusion. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (reasoning that a district court did not err by raising defective venue sua sponte where defendants had not yet responded and thus, had not waived any objection to venue); *Foster v. Dep't of the Navy*, No. 3:19-cv-315-RJC-DCK, 2019 WL 4744715, at *1 (W.D.N.C. Sept. 27, 2019) (relying on *Costlow* to sua sponte dismiss *in forma pauperis* complaint for improper venue); *Davis v. Town of Cary, N.C.*, No. 4:11CV6, 2011 WL 9680498, at *1 n.2 (E.D. Va. Jan. 24, 2011) (dismissing complaint for improper venue sua sponte where defendants had not waived the issue because they had not filed any responsive pleadings and relying on *Costlow*).

Regardless of whether venue is improper, though, the federal claims asserted by Martin fail on their merits. Thus, the court does not dismiss on grounds of improper venue but instead dismisses the complaint for failure to state a claim for which relief can be granted.

**C. Merits of Claims**

    **1. The § 1983 Claims Are Barred By the Applicable Statute of Limitations.**

Martin's § 1983 claims are subject to dismissal for several reasons, the first of which is that they are time-barred. In Virginia, § 1983 claims that accrued more than two years before a complaint was filed are barred by the applicable two-year statute of limitations. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). Based on the complaint's allegations, the

acts or omissions by defendants all occurred in 2019 or earlier, but Martin's complaint was signed on February 1, 2022, which is the earliest date it could have been filed. His claims are therefore subject to dismissal because they were not filed within two years of their accrual. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006) (explaining that courts may sua sponte raise and consider a statute of limitations defense if it appears on the face of the complaint and the court is otherwise under an obligation to screen the complaint). Thus, the § 1983 claims must be dismissed on this ground alone.

**2. The § 1983 Claims Fail to State A Claim Against Any of the Defendants.**

The federal claims also are subject to dismissal on additional grounds, specific to each defendant. First of all, as to Britt, the court concludes that the federal claims against Britt fail because he did not act under color of state law. Without such state action, any § 1983 claim fails.

A private actor can be considered to act under color of state law "only if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotation omitted). Although the nexus inquiry is necessarily fact-intensive, there are no factual allegations in the complaint to allow the conclusion that Britt acted under color of state law. *Cf. Brentwood*, 531 U.S. at 295; *Anderson v. Nebraska*, No. 4:17-CV-3073, 2018 WL 3009115, at *8 (D. Neb. June 15, 2018) (collecting authority for the proposition that courts have "consistently held that the decisions of foster parents are not state actions"); *see also Milburn v. Anne Arundel Cnty. Dep't of Soc. Servs.*, 871 F.2d 474, 479 (4th Cir. 1989) (finding that defendant foster parents were not state actors). As to the intentional infliction of emotional distress claim against Britt, the court will decline to exercise jurisdiction

6

over it and dismiss it without prejudice to Martin's or the Child's ability to assert it in a separate state court action.

The complaint also fails to include allegations that the second defendant, Rust Bell, acted under color of state law, as necessary to state a § 1983 claim against her. Indeed, numerous courts—including this one—have held that a guardian ad litem appointed by the state court does not act under color of state law for purposes of § 1983. *E.g.*, *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (stating that "a guardian ad litem is not acting under color of state law for purposes of § 1983"); *Kandare v. Gillies*, No. 2:20cv318, 2021 WL 4932003, at *8 (E.D. Va. July 29, 2021) (holding same and collecting authority); *Serdah v. Edwards*, No. 7:11-cv-00023, 2011 WL 3849703, at *2 (W.D. Va. Aug. 30, 2011) (same). Even if Rust Bell were a state actor, moreover, she would be entitled to immunity for duties performed in that role. *See Serdah*, 2011 WL 3849703, at *3. Moreover, "[t]his immunity would extend to 'functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court, not only in status or denomination but in reality.'" *Id.* (quoting *Gardner v. Parson*, 874 F.2d 131, 144–46 (3d Cir. 1989)); *Mobley v. Penny*, No. 7:07-cv-00481, 2007 WL 3243802, at *2 (W.D. Va. Nov. 1, 2007) (noting that a guardian ad litem is immune from liability under § 1983). Thus, the federal claims against Rust Bell also must be dismissed.

As for the only remaining defendant, Stowe, identified as the Director of the Department of Social Services in Arlington County, the court assumes for purposes of this opinion that she acted under color of state law. But any claims against her are nonetheless subject to dismissal because they fail to state a constitutional claim. Most notably, the Supreme Court has stated that there is no *constitutional* duty to protect a child from private violence. *DeShaney v. Winnebago*

7

*Cnty. Dep't of Social Services*, 489 U.S. 189 (1989).

In *DeShaney*, a child was brutally beaten by his father after being returned to his father's custody by a state agency. The Fourth Circuit has described the facts and holding in *DeShaney* as follows:

> In *Deshaney,* the father had severely beaten the child. The child and his mother brought suit under 42 U.S.C. § 1983 against Winnebago County, Wisconsin, its Department of Social Services, and various individual employees of the department. The complaint alleged a loss of liberty under the Fourteenth Amendment by their failure " . . . to intervene to protect . . . [the child] against a risk of violence at his father's hands, of which they knew or should have known." 489 U.S. at [193]. . . .
>
> The Court described the cause of action as ". . . failing to provide . . . [the child] with adequate protection against his father's violence," 489 U.S. at [195] . . . .
>
> Despite the fact that the defendants in *Deshaney* were subdivisions of the State or employees thereof, the Court held that no cause of action was stated against the defendants under § 1983. "As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." 489 U.S. at [197].

*Milburn by Milburn v. Anne Arundel Cnty. Dep't of Soc. Servs.*, 871 F.2d 474, 476 (4th Cir. 1989).

Although there are cases discussing or distinguishing *DeShaney* on its facts, the case is directly on point here, with the primary difference being that the abuse was carried out here by a step-father with whom the Child was living, not the father. But it is otherwise indistinguishable in all material respects. Martin seeks to hold an employee of a governmental social services agency liable for failing to intervene to protect the Child from his stepfather's violence, and alleges that Stowe (and possibly other employees) knew or should have known of the risk of violence. But under *DeShaney*, those allegations do not state a constitutional claim. *See also*

*Milburn*, 871 F.2d at 476 (concluding that injuries to the child caused by foster parents, who were not state actors and with whom the child's natural parents voluntarily placed him, did not state a cause of action against the county and municipal defendants and their employees); *Pfoltzer v. Cnty. of Fairfax*, 775 F. Supp. 874, 884 (E.D. Va. 1991) (concluding that parents' allegations that social services caseworkers failed to protect their children while in foster care did not constitute a substantive due process violation because "the transfer of the children's physical custody to foster parents did not make the Department 'the permanent guarantor' of the children's safety").

For the foregoing reasons, the complaint fails to state a valid federal claim against any of the defendants, and those claims are subject to dismissal. For this reason, the court will dismiss the § 1983 claims against all defendants. The court will decline to exercise jurisdiction over the state-law claims and will dismiss such claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

For the foregoing reasons, the court will dismiss the § 1983 claims in the complaint with prejudice and will dismiss the state-law claims without prejudice. An appropriate order will be entered.

Entered: March 31, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge